UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22976-Civ-SEITZ
MAGISTRATE JUDGE P. A. WHITE

JUSTIN LEE STRIBLING,              :

       Petitioner,                 :

v.                                 :        REPORT OF
                                            MAGISTRATE JUDGE
WALTER A. McNEIL,                  :

       Respondent.                 :

_____

Introduction

    Justin Lee Stribling has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions for fleeing or eluding a police officer and driving while license suspended (habitual offender) entered following a jury verdict in Indian River County Circuit Court, case no. 2004-308.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    For its consideration of this petition with memorandum and exhibits (DE#1), the Court has the response of the state to an order to show cause with multiple exhibits (DE#s9-10), and the petitioner's reply (DE#12).

    The petitioner raises the following four claims:

        1.  He was denied effective assistance of
            counsel, where his lawyer failed to
            object and/or otherwise permitted the

prosecution to enter into evidence two prior traffic violations which destroyed the petitioner's presumption of innocence. (DE#1:4).

2.   He was denied effective assistance of counsel, where his lawyer failed to request an instruction of driving without a valid license, as a lesser included offense, especially as there was insufficient evidence to support the petitioner's conviction of being a habitual traffic offender. (DE#1:5).

3.   He was denied effective assistance of counsel, where his lawyer failed to object or otherwise argue that the records maintained by the Florida Division of Motor Vehicles did not have the requisite prior convictions to qualify the petitioner as a habitual traffic offender. (DE#1:6).

4.   He was denied effective assistance of counsel, where his lawyer failed to investigate and prepare a proper defense, or otherwise move for a judgment of acquittal on the basis that the petitioner did not receive the statutory notice revoking his license as a habitual traffic offender. (DE#1:7).

<u>Procedural History</u>

The procedural history of the underlying state court convictions reveals as follows. The petitioner was charged by Information with fleeing or eluding police (Count 1), driving while license suspended (habitual offender) (Count 2), and possession of 20 grams or less of cannabis (Count 3). (DE#10:Ex.1:6-7). Prior to trial, the prosecution filed a notice of its intent to seek enhanced penalties pursuant to <u>Fla.Stat.</u> 775.084. (DE#12:Ex.1:22-24). The petitioner proceeded to trial, where he was acquitted of

the possession of cannabis offense (Count 3), but found guilty as to Counts 1 and 2, following a jury verdict. (DE#10:Ex.1:22). After the petitioner's motions for new trial were denied, he was adjudicated guilty and sentenced to time served as to Count 1 and as a habitual felony offender to a term of 10 years in prison as to Count 2. (DE#10:Ex.1:37-47).

The petitioner filed a notice of appeal, however, on May 24, 2005, the Fourth District Court of Appeal *sua sponte* entered an order dismissing the appeal for failure to comply with a prior court order. (DE#10:Ex.5). On that same date, the petitioner's appellate counsel filed a notice of voluntary dismissal. (DE#10:Ex.6). On May 27, 2005, the appellate court, however, found the notice to be moot as the case had already been dismissed. (DE#10:Ex.7).

Meanwhile, prior to dismissal of the direct appeal, the petitioner returned to the trial court on January 16, 2005, filing his first Rule 3.850 motion for postconviction relief raising the substantive issue underlying claim one of this federal petition, as listed above. (DE#10:Ex.8). On May 4, 2005, an order was entered by the trial court dismissing without prejudice the motion because of the pending direct appeal. (DE#10:Ex.9).

Almost one month after his direct appeal was dismissed, the petitioner returned again to the trial court, filing another Rule 3.850 postconviction motion on June 15, 2005, raising multiple claims, including claim one of this federal petition, as listed above. (DE#10:Ex.10). On September 19, 2005, the motion was denied without prejudice to the filing of a proper motion because the motion, as currently filed, did not contain a sworn oath as required by Fla.R.Cr.P. 3.850(c). (DE#10:Ex.11).

3

During September 2005, the petitioner filed yet another Rule 3.850 motion for postconviction relief, raising multiple claims, including claims one and two of this federal petition, as listed above. (DE#10:Ex.12). The state filed a response thereto, and on March 9, 2006, the trial court entered a lengthy, detailed order, denying two of the claims, but granting an evidentiary hearing as to claim two of this federal petition, as listed above. (DE#10:Ex.16).

While the above proceedings were still pending, the petitioner filed an supplement to his Rule 3.850 motion, raising claim three of this federal petition, as listed above. (DE#10:Ex.17). On December 12, 2006, the trial court entered an order denying claim three based on the state's response. (DE#10:Ex.20). Additionally, the court stayed the evidentiary hearing on the remaining claim, claim two of this federal petition, on the basis that the Florida Supreme Court had recently determined that an ineffective assistance of counsel claim cannot be based on counsel's failure to request a jury instruction on a lesser included offense. (Id.). On January 25, 2007, the trial court entered an order denying claim three of this federal petition. (DE#10:Ex.22).

While those proceedings were still pending, the petitioner filed yet another Rule 3.850 supplement on December 11, 2006, adding claim four of this federal petition, as listed above. (DE#10:Ex.21). On February 19, 2007, the trial court entered an order denying the petitioner's request to amend/supplement on the basis that a final order on the Rule 3.850 motion had been previously entered. (DE#10:Ex.23).

Thereafter, the petitioner sought a belated appeal from the denial of his Rule 3.850 motion, which was granted by the appellate

court on December 7, 2007. (DE#10:Ex.28). On April 23, 2008, the appellate court *per curiam* affirmed the court's denial of the petitioner's Rule 3.850 motion without published opinion. <u>Stribling v. State</u>, 982 So.2d 700 (Fla. 4 DCA 2008); (DE#10:Ex.30). Rehearing was denied, with the mandate issuing on July 7, 2008. (DE#10:Exs.31-33).

Because the federal limitations period appears to have remained tolled during the pendency of the Rule 3.850 proceedings, the October 12, 2008 filing of this federal petition, less than one year after his conviction became final, is therefore timely.[1] (DE#1). Petitioner filed his timely petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. <u>Abdul-Kabir v. Quarterman</u>, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585 (2007); <u>Penry v. Johnson</u>, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); <u>Davis v. Jones</u>, 506 F.3d 1325, 1331, n .9 (11 Cir. 2007). The respondent concedes correctly that this petition was filed within the one-year limitations period of 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000) (pendency of properly-filed state postconviction proceedings tolls the AEDPA limitations period).

It is axiomatic that issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted prior to their consideration on the merits. <u>Anderson v. Harless</u>, 459 U.S. 4 (1982); <u>Hutchins v. Wainwright</u>,

---

[1] <u>See</u>: <u>Adams v. United States</u>, 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

715 F.2d 512 (11 Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. Leonard v. Wainwright, 601 F.2d 807 (5 Cir. 1979). Both the factual substance of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. Baldwin v. Reese, 541 U.S. 27 (2004); Gray v. Netherlands, 518 U.S. 152 (1996); Duncan v. Henry, 513 U.S. 364 (1995); Picard v. Connor, 404 U.S. 270 (1971).  These principles will be discussed when relevant in connection with the petitioner's individual claims *infra*.

## Facts Adduced At Trial

For an appreciation of the issues involved in this proceeding, a full review of the facts adduced at trial is essential. On March 6, 2004, Deputy Sheriff Scott Sposato with the Indian River Sheriff's Office testified that he was on patrol, when he responded to a disturbance, and later spotted a vehicle coming down a street near the area which caught his attention because the radio from that vehicle was playing very loud. (T.32-33).  When Deputy Sposato waived his flashlight at the petitioner's vehicle, and the petitioner in turn lowered the music and slowed the speed of the vehicle, but did not stop. (T.33).

As the car drove by, Deputy Sposato recognized the petitioner as the driver and yelled for him to stop. (T.34). Instead, the petitioner accelerated, running a stop sign. (T.35). Deputy Sposato got in his patrol car and followed the path that petitioner's vehicle had taken, near the scene of the disturbance. (T.35-36). Shortly thereafter, the deputy observed the petitioner standing with a group of people in front of a residence. (T.37). The deputy went up to the petitioner and advised him that he had been observed

driving and was going to be placed under arrest. (T.37). At that time, Deputy Sposato smelled a strong odor of burning marijuana coming from the group, and for safety purposes, he called for back-up prior to arresting the petitioner. (T.37).

Deputy Christian Mathisen with the Indian River Sheriff's Office also testified that on the date in question, he was on field training with Deputy Sposato, handling a verbal disturbance in the area of 44th Street and the 3900 block when he heard loud music coming from a vehicle that was approaching the area. (T.43-44). He then observed Deputy Sposato walk towards the side of the road, and then use his flashlight to signal to the vehicle's occupant to stop. (T.44). Deputy Mathisen corroborated Deputy Sposato's testimony regarding the petitioner's failure to stop and subsequent acceleration. (T.44-45). He further recalled finding the petitioner's vehicle subsequently parked on 44th Place and the 3800 block. (T.46). Deputy Mathisen observed Deputy Sposato pointing towards the petitioner, and then walking towards the group. (T.46-49). Deputy Mathisen testified that the petitioner was making suspicious, meandering movements, during which he then dropped a clear plastic sandwich bag, which Deputy Mathisen picked up shortly thereafter, handing it to Deputy Sposato. (T.49). Inside the bag was a green, leafy plant substance which appeared to be marijuana. (T.51).

The defense called the petitioner's friend, Tamine Pressley, who testified at trial that he, and not the petitioner, was the individual driving the petitioner's sister's car on the date in question. (T.74-78). According to Pressley, he was driving normal and did not have the music blaring at all. (Id.). He further denied seeing or hearing an officer advise him to stop. (Id.). Pressley denied being in a hurry, and running a stop sign. (Id.). According

to Pressley, he went to a friend's house in the area, and could not recall closing the door of the vehicle after he exited. (T.75).

<u>Discussion of the Claims</u>

Turning to the merits of the claims raised in the collateral proceeding, Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant new restriction upon the ability of federal courts to grant habeas corpus relief. Under the AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.' <u>Crawford v. Head</u>, 311 F.3d 1288, 1295 (11ᵗʰ Cir. 2002)." <u>See</u> <u>Stewart v. Sec. Dept. of Corrections</u>, 476 F.3d 1193, 1208 (11ᵗʰ Cir. 2007). <u>See also</u> <u>Parker v. Sec.Dept.of Corrections</u>, 331 F.3d 764 (11ᵗʰ Cir. 2003). The AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002). It is undisputed that the AEDPA applies in the instant case.

Where a petitioner's claim(s) raises a federal question,[2] that was exhausted, is not procedurally barred, and was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision. <u>See e.g.</u>, <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11 Cir. 2008).

Pursuant to 28 U.S.C. §2254(d), habeas relief is available only in cases where the claims were adjudicated on the merits and the adjudication "resulted in a decision that was contrary to, or

---

[2] <u>See</u> 28 U.S.C. §2254(a)("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in state court." <u>Crowe v. Hall</u>, 490 F.3d 840, 844 (11th Cir. 2007), <u>cert. den'd</u>, ___ U.S. _ , 128 S.Ct. 2053 (2008); <u>Williams v. Taylor</u>, 529 U.S. 362 (1999). Clearly established federal law embraces "the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision." <u>Stewart v. Sec'y, Dep't of Corrs.</u>, 476 F.3d 1193, 1208 (11th Cir. 2007). Further, a decision is "contrary to" established law if (1) the state court arrived at an opposite conclusion on a question of law as interpreted by the Supreme Court or (2) the court arrived at a different result when confronted with "materially indistinguishable" facts from relevant Supreme Court precedent. <u>Jennings v. McDonough</u>, 490 F.3d 1230, 1236 (11th Cir. 2007), <u>cert. den'd</u>, ____ U.S. ___, 122 S.Ct. 846 (2008). An application of established law is unreasonable "if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context." <u>Id</u>.

"[A] state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003)(<u>quoting</u> <u>Early v. Packer</u>, 537 U.S. 3, 7-8 (2002). Even where a state court denies an application for post-conviction relief without written opinion, that decision constitutes an "adjudication on the merits," and is thus entitled to the same deference as if the state court had entered written findings to support its decision. <u>See</u> <u>Wright v. Sec. of Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11 Cir. 2002). Moreover, findings of fact by the state court are presumed correct,

and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. <u>See</u> 28 U.S.C. §2254(e)(1); <u>Crowe v. Hall</u>, 490 F.3d at 844.

Regarding his ineffective assistance of counsel claims, those claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1994), which is not a favorable standard to the movant. <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 505 (2003). To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result.[3] <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Moreover, a habeas court's review of a claim under the Strickland standard is "doubly deferential." <u>Knowles v. Mirzayance</u>, ____ U.S. ____, 129 S.Ct. 1411, 1418, 173 L.Ed.2d 251 (2009). The relevant question "is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold." <u>Id</u>. (citations omitted). Finally, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not

---

[3]When assessing a lawyer's performance, "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." <u>Chandler v. United States</u>, 218 F.3d 1305 (11 Cir. 2000)(en banc), <u>cert</u>. <u>denied</u>, 531 U.S. 1204 (2001). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance." <u>Van Poyck v. Florida Dept. of Corrections</u>, 290 F.3d 1318, 1322 (11 Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), <u>quoting</u>, <u>Strickland v. Washington</u>, 466 U.S. 668, 690. Review of counsel's conduct is to be highly deferential. <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. <u>White v. Singletary</u>, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11 Cir. 1992). A claim of ineffective assistance is a mixed question of law and fact. <u>Strickland</u>, 466 U.S. at 698.

satisfied that standard." Id.

The two-prong Strickland test is equally applicable in
assessing counsel's performance in appellate proceedings. See
Grubbs v. Singletary, 120 F.3d 1174, 1176 (11 Cir. 1997)(applying
the Strickland test to a claim of ineffective assistance of
appellate counsel). See also Matire v. Wainwright, 811 F.2d 1430,
1435 (11 Cir. 1987). The Sixth Amendment does not require appellate
attorneys to press every non-frivolous issue that the client
requests to be raised on appeal, provided that counsel uses
professional judgment in deciding not to raise those issues. Jones
v. Barnes, 463 U.S. 745 (1983). In considering the reasonableness
of an attorney's decision not to raise a particular claim, this
Court must consider "all the circumstances, applying a heavy
measure of deference to counsel's judgments." Eagle v. Linahan,
279 F.3d 926, 940 (11th Cir. 2001), quoting, Strickland, 466 U.S.
at 691. Further, in determining whether the failure to raise a
claim on appeal resulted in prejudice, the courts must review the
merits of the omitted claim and, if it is concluded that the
omitted claim would have had a reasonable probability of success,
then counsel's performance was necessarily prejudicial because it
affected the outcome of the appeal. Eagle, 279 F.3d at 943.

The Eleventh Circuit reviews an attorney's performance with
deference, and looks not for "what is prudent or appropriate, but
only what is constitutionally compelled." Hardwick v. Crosby, 320
F.3d 1127, 1161 (11 Cir. 2003), citing Chandler v. United States,
218 F.3d 1305, 1313 (11 Cir. 2000) (en banc)(When assessing a
lawyer's performance, "Courts must indulge the strong presumption
that counsel's performance was reasonable and that counsel made all
significant decisions in the exercise of reasonable professional
judgment."). The court's role in reviewing ineffective assistance

of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within the wide range of professionally competent assistance." Van Poyck v. Florida Dept. of Corrections, 290 F.3d 1318, 1322 (11 Cir.), cert. den'd, ___ U.S. ___, 123 S.Ct. 70 (2002), quoting, Strickland v. Washington, supra at 690. Review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992).

In **claim one,** the petitioner asserts that he was denied effective assistance of counsel, where his lawyer failed to object and/or otherwise permitted the prosecution to enter into evidence the petitioner's driving record. (DE#1:4). According to the petitioner, the prosecution was required to prove the petitioner had the requisite prior traffic offenses to support the enhanced sentence as a habitual traffic offender. (Id.). The petitioner maintains, however, that his presumption of innocence was destroyed when the petitioner's driving's record was introduced into evidence. (Id.).

The petitioner was charged with driving while license suspended-habitual offender, in violation of Fla.Stat. §322.34(5), which provides that:

> Any person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree ....

12

Florida Statute Section 322.264 defines a "habitual traffic offender" as a person whose driving record, as maintained by the Department of Highway Safety and Motor Vehicles (DHSMV), reflects three or more convictions for specified moving traffic offenses (including driving while license suspended), occurring within five years. Under §322.201, <u>Fla.Stat.</u>, a copy of the original driving record is self-authenticating and can be introduced at trial. Morever, <u>Fla.Stat.</u> §322.27(5), requires the DHSMV to revoke the license of a person designated as a habitual traffic offender for a minimum of five years. <u>See</u> <u>Patterson v. State</u>, 938 So.2d 625, 628 (Fla. 2 DCA 2006).

In Florida, however, a conviction under §322.34(5) simply requires competent evidence showing that the DHSMV maintained a record on the motorist, that the record reflected three prior moving violation convictions, and that the motorist received notice of his designation as a habitual traffic offender and the resulting suspension of his license. <u>State v. Fields</u>, 809 So.2d 99, 101 (Fla. 2 DCA 2002); <u>Kallelis v. State</u>, 909 So.2d 544 (Fla. 4 DCA 2005). The prosecution, however, is not required to present proof of the prior convictions in order to establish *prima facie* evidence of the crime. <u>Rodgers v. State</u>, 804 So.2d 480 (Fla. 4 DCA 2001); <u>Arthur v. State</u>, 818 So.2d 589 (Fla. 5 DCA 2002) (*en banc*).

Here, Detective Sposato testified at trial that he knew the petitioner and personally observed him driving a motor vehicle on the date in question. Further, the petitioner's redacted driving record was admitted into evidence without objection to establish his driving record and the fact that it had been previously revoked. Moreover, the prosecution's notice of intent to seek an enhanced sentence as a habitual traffic offender demonstrates that

the petitioner had multiple prior convictions for driving with a suspended and/or revoked license. (DE#1:Ex.1:State's Evidence-Habitual Offender Hearing). The record further reveals that counsel, in fact, objected to the admission of the petitioner's prior driving record, although not for the reasons proffered by the petitioner here. (DE#10:Ex.2:T.64-68).

Even if counsel had objected on the basis proffered by the petitioner here, no showing has been made in the state forum or this habeas proceeding that the trial court would have sustained the objection. Under the totality of the circumstances present here, the petitioner has failed to demonstrate either deficient performance or prejudice arising from counsel's failure to pursue this claim at trial. When the claim was raised in the state forum, it was denied for the same reasons expressed herein. See DE#10:Exs.16. Thus, the state court's rejection of the claim was not contrary to nor an unreasonable application of federal constitutional principles and should therefore not be disturbed here. Williams v. Taylor, supra.

In **claim two**, the petitioner asserts that he was denied effective assistance of counsel, where his lawyer failed to request an instruction of driving without a valid license, as a lesser included offense, especially as there was insufficient evidence to support the petitioner's conviction of being a habitual traffic offender. (DE#1:5). According to the petitioner, the DHSMV record did not demonstrate the requisite number of prior convictions to support a habitual traffic offender conviction, therefore, there was a meritorious basis upon which to seek a lesser-included-offense instruction. This claim is meritless.

In considering a claim of ineffective assistance of counsel

based on failure to request a lesser-included offense instruction, the Eleventh Circuit Court of Appeals has held that a petitioner's:

> assertions that he would have been convicted of the lesser included offense, as opposed to the greater offense, are pure speculation--speculation both that the state trial court would have decided to instruct the jury on the lesser included offense and that the jury, if instructed on the lesser included offense, would have convicted on it instead of the higher offense. That speculation is insufficient to undermine our confidence in the outcome of his trial.

Harris v. Crosby, 151 Fed. Appx. 736, 738 (11 Cir. 2005). The petitioner's allegation that had the jury been instructed on the subject lesser-included offenses, the outcome of the trial would have been different, is not sufficient to demonstrate that a reasonable probability exists that the outcome of the trial would have been different. See also Balkissoon v. McDonough, 2008 WL 58952, 5 (M.D.Fla. 2008).

Here, the jury was instructed on the crimes charged. Although the jury was not instructed on the lesser included offense as asserted by petitioner, there is no reasonable probability that the jury here, which found every element of driving with a suspended license offense proved beyond a reasonable doubt, would have, given the opportunity, ignored its own findings of fact and the trial court's instruction on the law and found the petitioner guilty of a lesser included offense.

Consequently, the petitioner has not undermined this Court's confidence in his conviction. The mere possibility of a jury pardon cannot form the basis for a finding of prejudice under *Strickland*.[4]

---

[4]The performance prong of an ineffective assistance claim need not be discussed when no prejudice has been established.  See Brown v. Head, 272 F.3d 1308, 1313 (11 Cir. 2001), cert. denied, 537 U.S. 978 (2002).

See Strickland v. Washington, 466 U.S. 668, 695 (1984)(stating that "[a]n assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like."); Harris v. Crosby, 151 Fed. Appx. 738; Johnson v. Alabama, 256 F.3d 1156, 1183 (11 Cir. 2001). See also Sanders v. State, 946 So.2d 953, 959-960 (Fla. 2006)(rejecting claim of ineffective assistance of trial counsel for counsel's failure to request an instruction on lesser-included offenses, stating that "[a]s the Court warned in Strickland, a defendant has no entitlement to an aberrant jury—'the luck of a lawless decisionmaker.'")(quoting, Strickland, 466 U.S. at 695); Johnson v. State, 855 So. 2d 1157, 1160 (Fla. 4 DCA 2003)(finding that counsel's performance was not ineffective pursuant to Strickland for failing to request a jury instruction on a lesser included offense, stating that "although it is 'conceivable' that a jury in a given case might decline to follow the law and grant a jury pardon, this does not seem to us a reasonable probability."), rev. denied, 913 So. 2d 956 (Fla. 2005).

Moreover, the jury was certainly instructed that it was free to find the petitioner not guilty of any of the offenses if the state had failed to satisfy its burden of proof. See T.105-114. To do so, the jury would have had to believe the petitioner's defense that he was innocent of the subject charges, which it did not. Thus, neither attorney error nor prejudice to the outcome has been shown with regard to the jury instructions given. Under these circumstances, the state court's rejection of this claim in the Rule 3.850 proceeding, which decision was affirmed on appeal, was not contrary to nor an unreasonable application of federal constitutional principles and, therefore, should not be disturbed here. Williams v. Taylor, supra.

In **claim three**, the petitioner asserts that he was denied effective assistance of counsel, where his lawyer failed to object or otherwise argue that the records maintained by the Florida Division of Motor Vehicles did not have the requisite prior convictions to qualify the petitioner as a habitual traffic offender. (DE#1:6). This claim is meritless.

Independent review of the trial transcript and habitual traffic offender proceeding reveals that the petitioner had more than sufficient prior convictions to support his enhanced sentence as a habitual traffic offender. To the extent the petitioner means to argue that the prosecution was required to prove the prior convictions at trial, that claim also fails on the merits. As previously discussed in this Report, the prosecution was only required to establish that the petitioner drove a motor vehicle upon a highway or road, and that while doing so, his license was revoked by the DHSMV because of his status as a habitual traffic offender. See Arthur v. State, 818 So.2d 589 (Fla. 5 DCA 2002); Fla.Stat. §322.34(5). It is thus the designation by the DHSMV and not the underlying traffic offenses that is the element of the offense. Arthur v. State, 818 So.2d at 591; Rodgers v. State, 804 So.2d 480 (Fla. 4 DCA 2000); Weathers v. State, 937 So.2d 1132 (Fla. 4 DCA 2006).

Moreover, it is evident from review of the prosecution's notice of intent to seek a habitual traffic offender enhancement, that the petitioner had numerous prior convictions sufficient to support the enhanced sentence. Under these circumstances, the petitioner cannot establish either deficient performance or prejudice arising from counsel's failure to pursue this nonmeritorious issue. Consequently, the state court's rejection of the claim, which decision was affirmed on appeal, was neither

contrary to nor an unreasonable application of federal constitutional principles and should therefore not be disturbed here. Williams v. Taylor, supra.

In **claim four**, the petitioner asserts that he was denied effective assistance of counsel, where his lawyer failed to investigate and prepare a proper defense,[5] or otherwise move for a judgment of acquittal on the basis that the petitioner did not receive the statutory notice revoking his license as a habitual traffic offender. (DE#1:7). He claims that counsel merely presented a boilerplate motion, not adequately arguing that the evidence admitted at trial did not lawfully establish that his license had been revoked.

The record reveals in pertinent part that after the state had rested, defense counsel moved for judgment of acquittal, on the driving while license suspended charge. (T.72). The court denied the motion at that juncture, finding that the prosecution had established a sufficient *prima facie* case for each element of the offense. (T.73). After all evidence had been presented in the case, trial counsel again renewed the petitioner's motion for judgment of acquittal. (T.84). At that time, the trial court found that "while there's a conflict in the testimony," the prosecution had presented sufficient evidence for the jury to reconcile the testimony and decide whether the prosecution had proven its accusations beyond a reasonable doubt. (T.84).

---

[5]The petitioner's argument that counsel was not prepared or did not present a viable defense is clearly refuted by the record which reveals that the defense called Pressley to testify that he, and not the petitioner, was the individual driving the vehicle on the night in question. During closing argument, the defense again highlighted the fact that the petitioner was innocent, and that Pressley was the driver of the vehicle. (T.99). The jury, however, rejected the testimony when it returned a conviction as to the charged offense. It is clear, however, that counsel was well prepared and sufficiently investigated the case.

In Florida, a motion for judgment of acquittal must fully set forth the grounds on which it is based. See Fla.R.Crim.P. 3.380(b). A boilerplate motion is insufficient. Woods v. State, 733 So.2d 980, 984-85 (Fla. 1999). A motion which asserts that the state failed to present a prima facie case, without more, has been held insufficient. See Miller v. State, 712 So.2d 451, 452 (Fla. 2 DCA 1998); Griffin v. State, 705 So.2d 572, 573 (Fla. 4 DCA 1998). See also Cornwell v. State, 425 So.2d 1189, 1190 (Fla. 1 DCA 1983) (stating that a motion which merely alleged that the testimony was "rather ambiguous, vague" was insufficient). Here, as correctly asserted by the petitioner, it appears that trial counsel simply submitted a boilerplate motion for acquittal as to the charged offense.

Although the petitioner has satisfied the deficiency-prong of Strickland, the petitioner is nevertheless not entitled to habeas corpus relief because he has failed to satisfy the prejudice-prong. When taken in the light most favorable to the state, the evidence presented at trial was more than ample to have permitted a rational trier of fact to find the offense charged. Therefore, based upon the evidence admitted at trial and applicable Florida law, the petitioner was not entitled to a judgment of acquittal by the trial court.[6]   Therefore,   counsel's   performance   cannot   be   deemed

---

[6]In Florida, the courts do not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Lynch v. State, 293 So.2d 44, 45 (Fla. 1974)(stating that "[w]here there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge.") A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence admitted at trial, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. Id. In circumstantial evidence cases, a motion for judgment of acquittal will be granted if the state failed to present evidence from which the jury could exclude every reasonable hypothesis except that of guilt. State v.

constitutionally ineffective in this regard. <u>See</u> <u>Jackson v.</u> <u>Virginia</u>, 443 U.S. 307 (1979); <u>Smith v. White</u>, 815 F.2d 1401 (11 Cir. 1987). Consequently, the petitioner is entitled to no relief on this claim.

The petitioner further maintains that the trial court erred in failing to address the merits of the claim, in violation of his constitutional rights. Review of the record reveals that during the pendency of his Rule 3.850 proceeding, the petitioner filed numerous amendments raising additional arguments and claims. However, in his request to seek yet another amendment, which raised the claim at issue here, the trial court entered an order denying the request on the basis that the Rule 3.850 motions had already been ruled upon. This finding was not error. Moreover, even if the court were to have construed the amendment as a second Rule 3.850 motion, it could have denied it as successive. Consequently, it was not error for the court to refuse to consider the claim. Even if there was error, the claim fails on the merits. Thus, the petitioner is not entitled to habeas corpus relief on this claim.

Furthermore, given the testimony of Deputy Christian Mathison that the petitioner's DHSMV record showed the petitioner's license was habitually suspended, as well as, the DHSMV record confirming this testimony, and the prosecution's notice of habitualization which contained copies of the petitioner's prior convictions, even if counsel had pursued the defense now proffered by the petitioner, to-wit, that he did not have notice of the revocation of his license, no showing has been made either in the state forum or this collateral proceeding that the defense would have succeeded. To the contrary, the record belies this claim.

<hr>

<u>Law</u>, 559 So.2d 187, 188 (Fla. 1989).

In conclusion, it is clear from the record when viewed as a whole that the petitioner received able representation more than adequate under the Sixth Amendment standard. See Strickland v. Washington, 466 U.S. 668 (1984).

Lastly, to the extent the petitioner appears to argue that he is entitled to a federal evidentiary hearing on his claims, that claim also warrants no habeas corpus relief here. If a habeas corpus petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of the claim." Holmes v. United States, 876 F.2d 1545, 1552 (11 Cir. 1989), quoting Slicker v. Wainwright, 809 F.2d 768, 770 (11 Cir. 1987). However, no hearing is required where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous. Holmes, supra at 1553. Here, for the reasons which have been discussed, the petitioner's claims are all affirmatively contradicted by the existing record, so no federal hearing is necessary or warranted.

## Conclusion

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 8th day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Justin Lee Stribling, <u>Pro Se</u>
     DC#K56603
     Dade Correctional Institution
     19000 S.W. 377th Street
     Florida City, FL 33034-6499

     Myra J. Fried, Ass't Atty Gen'l
     Office of the Attorney General
     1515 North Flagler Drive, #900
     West Palm Beach, FL 33401-3428