UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-22976-CIV-SEITZ/WHITE

JUSTIN LEE STRIBLING,

        Petitioner,

v.

WALTER A. MCNEIL,

        Respondent.
_____/

## ORDER ADOPTING REPORT, OVERRULING OBJECTIONS, DENYING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE

THIS CAUSE is before the Court on the Report of Magistrate Judge [DE-14], Petitioner's Objections [DE-24], and Petitioner supplement to his Objections [DE-30-1]. In the Magistrate Judge's Report, Magistrate Judge White recommends that Petitioner's Petition for Habeas Corpus Relief [DE-1] be denied. Initially, Petitioner did not file any objections to the Report and the Court affirmed and adopted the Report. After receiving the Order Adopting Report and Closing Case, Petitioner sought leave to file objections because he had not received the Report. The Court granted leave and Petitioner filed his Objections [DE-24] and he then subsequently sought and was granted leave to file a supplement to his Objections [DE-30].

Petitioner raised four claims of ineffective assistance of counsel in his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody [DE-1]. The four claims are based on: (1) counsel's failure to object to the prosecution's introduction into evidence of two prior traffic violations; (2) counsel's failure to request an instruction of driving without a license as a lesser included offense; (3) counsel's failure to object or argue that the records maintained by the Florida Division of Motor Vehicles (DMV) did not have the requisite prior convictions to qualify the Petitioner as a habitual offender; and (4) counsel's failure to investigate and prepare a

proper defense or move for a judgment of acquittal on the basis that the Petitioner did not receive the statutory notice revoking his license as a habitual traffic offender. The Magistrate Judge's Report found that none of these claims had merit. Petitioner has not objected to the Report's procedural and factual summary. Consequently, after having considered the Report and the record, the Court finds that the Magistrate Judge was not clearly erroneous in his procedural and factual summary of the record and the Court affirms and adopts those portions of the Report. However, Petitioner has filed objections relating to legal conclusions regarding each of the claims. Before addressing the actual objections, the Court notes that the objections are really just a re-argument of the issues raised in the Petition, which is sufficient reason to overrule the objections. However, the objections also fail on their merits.

*The Objection to Claim One is Overruled*

Petitioner asserts that counsel erred by failing to object to the introduction of evidence indicating two license revocations. Petitioner asserts that only one revocation should have been introduced and that he was prejudiced as a result of the introduction of the second revocation. Petitioner asserts that he was prejudiced by the introduction of the second revocation because it led the jury to conclude that he was driving the car, not Pressley, and thus destroyed the presumption of innocence. In his supplement, Petitioner cites to *Velcofski v. State*, 96 So. 3d 2069 (Fla. 4th DCA 2012). However, in that case, the court found that it was prejudicial to admit the defendant's entire driving record to show that defendant's license had not been reinstated as alleged by the defendant. Clearly, that is not the case here. In fact, the only portion of the record admitted in the instant case was the revocations. All underlying convictions were redacted. Thus, there was no error to admit the redacted record.

Further, Petitioner has not shown how the introduction of his driving record would lead to the conclusion that he was the driver on the night in question. One fact does not lead to an inference of the other. Thus, Petitioner has not met his burden under *Strickland v. Washington*, 466 U.S. 668, 694 (1984), which requires Petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Consequently, Petitioner's objection to Claim 1 is overruled.

*The Objection to Claim Two is Overruled*

Petition claims that he was denied effective assistance of counsel when counsel failed to request a lesser included offense instruction. Again, Petitioner has failed to establish any prejudice. The jury found Petitioner guilty of the charged offense and Petitioner has failed to show how including the lesser included offense would have changed the result of the trial. Consequently, Petitioner's objection to Claim 2 is overruled.

*The Objection to Claim Three is Overruled*

Petitioner next argues that the evidence admitted at trial did not establish that he was a habitual offender under Florida Statute. Petitioner asserts that the DMV records admitted at trial did not show the prior convictions for traffic offenses which would support a conclusion of habitual offender. However, as noted in the Report, the prosecution was not required to prove the prior traffic convictions at trial, only that Petitioner had been determined to be a habitual offender by the DMV. This was established by the DMV records admitted at trial. Consequently, Petitioner has not shown either deficient performance by counsel or prejudice. Thus, this objection is overruled.

3

*The Objection to Claim Four is Overruled*

Finally, Petitioner objects that the DMV record did not establish that his license had been suspended as a habitual offender. However, as the Report found, this claim is meritless. In addition to the DMV records, Deputy Christian Mathison testified that Petitioner's license had been suspended as a habitual offender. A review of the testimony indicates that Deputy Mathison did not testify based on the redacted records submitted at trial. Thus, there was sufficient evidence, without the DMV records, to establish that Petitioner's license had been suspended as a habitual offender. Consequently, Petitioner cannot establish any prejudice and his objection is overruled.

*Denial of Certificate of Appealability*

The Court will also deny issuance of a certificate of appealability for Petitioner's Petition pursuant to Rule 11 of the Rules Governing Section 2254 Cases. The Court, having established grounds for entering a "final order adverse to the applicant" on this motion, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, Petitioner has not made this showing.

Thus, having carefully reviewed, *de novo*, Magistrate Judge White's Report, the record, and Petitioner's Objections, the Court finds that the Magistrate Judge was not clearly erroneous in his factual summary of the record and his legal conclusions correctly applied the law to the

facts. Accordingly, it is hereby

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-24] is again AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order;

(2) Petitioner's Petition for Habeas Corpus Relief [DE-1] is DENIED;

(3) Petitioner's Objections are OVERRULED;

(4) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT; and

(5) This case is CLOSED.

DONE AND ORDERED at Miami, Florida, this 8th day of October, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
Counsel of Record/*Pro se* parties